UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LESLIE C. ROBINS and
COLLEEN T. DeVRIES-CALIENDO,
        Plaintiffs,

    v.                                                  Case No. 09-C-0930

SETTLEMENT FUNDING, LLC, PSF
HOLDINGS, LLC, PSF TRUST 200-2,
and PEACHTREE FINANCIAL
SOLUTIONS, LLC,
        Defendants.

## DECISION AND ORDER

Plaintiffs, who won over $111 million in the 1993 Wisconsin lottery, bring this diversity action, asserting various claims arising out of the sale of their rights to receive payments from the Lottery to defendant PSF Holdings, LLC ("PSF"). Before me now is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

### I. BACKGROUND

Plaintiffs assigned their rights to the last twelve installment payments due them from the Lottery to PSF, and PSF in turn assigned the rights to defendant PSF Trust 200-2 ("the trust"). Pursuant to Wis. Stat. § 565.28(2)(a), the trust elected to receive the money from the Lottery in a lump sum payment. The agreement between plaintiffs and PSF called for the trust to pay each plaintiff "the approximate amount of $22,324,550," the exact amount to "equal to the lump sum amount offered by the Lottery . . . less three (3%) percent . . .." (Terms Rider to Sale Agreement.) The trust would pay plaintiffs by issuing a note to each plaintiff for approximately $14,562,304 after it received payment from the Lottery, and a

second note for approximately $7,762,246 after it received "the tax refund withheld by the Lottery . . .." (Id.)

After it received payment from the Lottery less withheld taxes, the trust issued to plaintiffs the first notes called for by the agreement, which totaled an amount equal to the amount the trust received from the Lottery less three percent. The trust then challenged the taxes withheld by the Internal Revenue Service ("IRS") and the Wisconsin Department of Revenue ("DOR"). In 2001, the IRS agreed with the trust's challenge and refunded the withheld federal taxes with interest. Because the DOR had not yet resolved the issue of withheld state taxes, plaintiffs and PSF agreed that the trust would issue a second set of notes repaying the federal tax refund and a third set of notes repaying the state tax refund if there was one.

The trust then issued notes to plaintiffs, which together equaled the amount of the federal tax refund including interest minus three percent. Plaintiffs allege that James D. Terlizzi, a PSF officer, stated that although the agreement did not address interest, paying plaintiffs the interest was the "right thing" and the "equitable thing" and in "the spirit of the arrangement." (Compl. ¶ 21.)

In 2005, the DOR agreed with the trust's challenge to the withheld state taxes and refunded such taxes plus $1,160,725.33 in interest. The trust then issued notes to plaintiffs totaling an amount equal to the refunded state taxes minus three percent. However, the notes did not include the interest on the withheld state taxes.

Plaintiffs also allege that the trust agreed to deposit the funds received from the Lottery in an account at Deutsche Bank and that in return for plaintiffs paying a fee of 0.85 percent of the average balance, Deutsche Bank would guarantee the trust's obligations to

2

plaintiffs. Plaintiffs further allege that the trust failed to disclose to them that Deutsche Bank agreed to turn over fifty percent of the fee to PSF.

I will state additional facts in the course of the decision.

## II.  STANDARD OF REVIEW

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. To survive the challenge, the complaint must contain sufficient factual matter to state a plausible claim. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  A claim is plausible when the plaintiff pleads facts that enable the court to reasonably infer that the defendant is liable for the misconduct alleged. Id.  I assume the veracity of all well-pleaded factual allegations, but do not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements. Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009).  Plaintiffs' complaint refers to plaintiffs' agreement with PSF, and the agreement is central to plaintiffs' claims. Therefore, I may consider the agreement in addressing defendants' motion.  188 LLC v. Trinity Indus., Inc., 300 F.3d 730, 735 (7th Cir. 2002).

## III.  DISCUSSION

Plaintiffs' claims arise out of the trust's refusal to pay the interest on the withheld state taxes and the undisclosed arrangement with Deutsche Bank.  With respect to the former, plaintiffs assert claims of breach of contract, unjust enrichment, statutory theft and conversion.  As to the latter, plaintiffs assert claims of breach of fiduciary duty, common law fraud, conversion and statutory theft.  The parties agree that the issues presented are governed by Wisconsin law.

3

### A. Claims Relating to Interest on Withheld State Taxes

#### 1. Breach of Contract

The question presented by plaintiffs' contract claim is whether the agreement between plaintiffs and PSF required the trust to pay plaintiffs the interest on the state tax refund that it received from the Lottery. In answering this question, I focus on the language of the contract and attempt to ascertain the parties' intent. State ex rel. Journal/Sentinel, Inc. v. Pleva, 155 Wis. 2d 704, 711 (1990). I take unambiguous language as written. Town of Neenah Sanitary Dist. v. City of Neenah, 256 Wis. 2d 296, 302 (2002). Language is ambiguous if it is susceptible to more than one reasonable construction. Id. If language is ambiguous, I may use extrinsic evidence to determine the parties' intent. Seitzinger v. Community Health Network, 270 Wis. 2d 1, 14 (2004).

As stated, the agreement required the trust to pay plaintiffs an amount equal to the lump sum offered by the Lottery less three percent. The parties agree that this amount included refunds of withheld taxes but disagree as to whether it included interest on such taxes. The agreement is silent on this question and susceptible to multiple reasonable constructions. Therefore the contract is ambiguous, and I may consider extrinsic evidence. The fact that the trust paid plaintiffs interest on the withheld federal tax refund, and Terlizzi's remark that paying interest was in the spirit of the agreement makes it plausible that the parties intended that the trust would pay interest on withheld taxes. Therefore, plaintiffs state a breach of contract claim, and defendants' motion to dismiss such claim will be denied.

#### 2. Unjust Enrichment

Plaintiffs' unjust enrichment claim fails because the claim arises directly out of plaintiffs' contract with PSF. See Meyer v. The Laser Vision Inst., 290 Wis. 2d 764, 779 (2006) (stating that where the parties' rights are governed by a contract, equitable claims premised on the contractual relationship are barred).

### 3. Conversion and Statutory Theft

Plaintiffs' conversion and statutory theft claims fail because when plaintiffs sold their rights to receive Lottery payments to PSF, they divested themselves of ownership of such rights, including the right to receive tax refunds and interest on withheld taxes. The trust, not plaintiffs, owned these rights. The trust did not engage in conversion or theft by retaining what it already owned. See Aslanukov v. Am. Express Travel Related Servs. Co., 426 F. Supp. 2d 888, 893 (W.D. Wis. 2006); Wis. Stat. § 895.446; see also Fazio v. Dep't of Employee Tr. Funds, 280 Wis. 2d 837, 850-53 (2005) (stating that party has no property right to interest on principal unless it has property right to principal).

## B. Claims Relating to Guarantee Fee

As stated, the parties agreed that Deutsche Bank would guarantee payment of the notes that the trust issued to plaintiffs and that plaintiffs would pay a fee for this service. Plaintiffs raise several claims arising out of the trust's undisclosed side agreement with Deutsche Bank requiring Deutsche Bank to "kickback" half of the fee to the trust.

### 1. Breach of Fiduciary Duty

Plaintiffs' claim of breach of fiduciary duty fails because plaintiffs do not allege facts from which it could be plausibly inferred that any defendant owed them a fiduciary duty. Generally speaking, fiduciary relationships are of two types: (1) those created by contract

5

or by a formal legal relationship such as principal and agent, and (2) those implied in law based on the relationship between the parties or the nature of the transaction at issue. Production Credit Ass'n v. Croft, 143 Wis. 2d 746, 752 (Ct. App. 1988). "Manifest in the existence of a fiduciary relationship is that there exists an inequality, dependence, weakness of age, of mental strength, business intelligence, knowledge of facts involved, or other conditions giving to one an advantage over the other." Id. In the present case, plaintiffs do not allege that the agreement with PSF created a fiduciary relationship nor do they allege facts from which such a relationship could be inferred. Plaintiffs argue that Terlizzi abused his position as trustee of the trust, but they do not allege this in their complaint and, in any case, do not contend that they were beneficiaries of the trust.

    **2.**    **Common Law Fraud**

To successfully plead fraud, plaintiffs must allege that: (1) defendants made a false representation of fact; (2) with the intent to defraud and for the purpose of inducing plaintiffs to act; and (3) plaintiffs relied on the misrepresentation and were thereby induced to act to their own injury or damage. Mackenzie v. Miller Brewing Co., 241 Wis. 2d 700, 716 (2001). Silence or failure to disclose a fact is not a misrepresentation unless the non-disclosing party has a duty to disclose that fact. Doe v. Archdiocese of Milwaukee, 284 Wis. 2d 307, 334 (2005). Plaintiffs do not allege that the defendants made any false representation of fact. Plaintiffs allege that the trust represented that Deutsche Bank would charge their account a fee of 0.85 percent, but this representation is true. And plaintiffs do not dispute that defendants had no duty to disclose to them that Deutsche Bank would pay a fee to the trust for sending it business. Thus, plaintiffs' fraud claim fails.

6

### 3. Conversion and Statutory Theft

Plaintiffs' claims for conversion and statutory theft of the guaranty fee fail for the same reason their claims for conversion and statutory theft of the interest on withheld state taxes failed. Once plaintiffs paid the guaranty fee to Deutsche Bank, they no longer owned those funds and as a result have no claim for conversion or theft of them.

## IV. CONCLUSION

Therefore, for the reasons stated,

**IT IS ORDERED** that defendants' motion to dismiss is **GRANTED** with respect to all of plaintiffs' claims except their claim for breach of contract.

**IT IS FURTHER ORDERED** that defendants Settlement Funding, LLC and Peachtree Financial Solutions, LLC are **DISMISSED AS DEFENDANTS**.

Dated at Milwaukee, Wisconsin this 16 day of June, 2010.

/s_____
LYNN ADELMAN
District Judge